UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS NATIONAL PENSION FUND, | : : : : | **Misc. No. 00-14 (SRC)** |
| Plaintiff, | : : | **OPINION & ORDER** |
| v. | : : | |
| STEVE BARBUTO and LINDA BARBUTO, | : : : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed on August 31, 2020 by Defendant Linda Barbuto ("Defendant" or "Ms. Barbuto") seeking to void a judicial lien [ECF 13]. Plaintiff Board of Trustees, Sheet Metal Workers National Pension Fund ("Plaintiff" or the "Fund") opposes the motion. The Court has considered the parties' written submissions and rules based thereon, without oral argument, pursuant to Federal Rule of Civil Procedure 78.

The lien at issue arises from a foreign judgment registered in the District of New Jersey on January 24, 2000 by filing the above-captioned miscellaneous action. The foreign judgment, in the amount of $10,687.26, was entered on July 6, 1999 by the United States District Court for the Eastern District of Virginia in favor of the Fund and against Defendants Steve Barbuto and Linda Barbuto. In this motion, Ms. Barbuto claims that the judgment debt was discharged in bankruptcy and requests that this Court cancel the registered foreign judgment. In response, the Fund argues that Defendant fails to demonstrate that such relief is warranted because (1) co-defendant Steve Barbuto, who is also subject to the foreign judgment, was a not a party to the bankruptcy proceeding filed by Linda Barbuto only and (2) insufficient evidence of the liability's

1

discharge has been presented to the Court. The Fund further argues that the motion to void the judgment lien should be denied a moot, in light of the fact that, under New Jersey law, the judgment on which the lien is based has already expired.

The Court agrees with the Fund that Defendant Linda Barbuto's motion is moot. The judgment registered in this action is subject to the twenty-year limitations period on enforceability set forth in N.J.S.A. § 2A:14-5. The statute provides that a judgment expires twenty years after it is entered, unless it is revived within the limitations period. N.J.S.A. § 2A:14-5. In this case, over twenty years have passed since entry of the judgment, and the Fund has taken no steps to revive it. The judgment is no longer enforceable in New Jersey, and thus the judgment lien Defendant asks the Court to cancel no longer exists. It is axiomatic that "[t]he mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir.1996)). Because the judgment giving rise to the lien has expired, the Court is not able to grant the relief requested by Defendant.

Accordingly,

**IT IS** on this 17th day of November 2020,

**ORDERED** that Defendant Linda Barbuto's motion to void judicial lien [ECF 13] is **DISMISSED AS MOOT**.

                                           *s/ Stanley R. Chesler*
                                           STANLEY R. CHESLER
                                           United States District Judge